## PEOPLE v. PETTIT.

*Disorderly person — neglect to support family — undertaking for good behavior — nature of.*

Defendant, who was adjudged to be a disorderly person in having abandoned and neglected to support his wife and child (1 R. S. 638, § 1), entered with sureties into a recognizance that he would be of good behavior, etc. *Held,* that the recognizance was not in the nature of an indemnity to the town or county to repay expenses incurred for the support of defendant's family, but in the nature of a penalty, and the condition was broken, upon any neglect of defendant to support his wife or child.

APPEAL by plaintiffs from a judgment in favor of defendants, entered upon the report of a referee.

The action was brought by the people of the State of New York, against Thomas H. Pettit and others to recover upon a bond or undertaking reading as follows:

"ONONDAGA COUNTY, ss.: Be it remembered that on the 6th day of March, 1873, Thomas H. Pettit, of the town of Lysander

in said county, Levi Cramer of the same place, and Thomas Humphrey of the same place, came before me, De Witt C. Greenfield, a justice of the peace of said county, and severally and respectively acknowledged themselves to be indebted to the people of the State of New York in the manner and form following, that is to say: The said Thomas H. Pettit in the sum of five hundred dollars, and the said Levi Cramer and Thomas Humphrey in the sum of five hundred dollars each, to be levied of their respective goods and chattels, lands and tenements, to the use of the said people, if default shall be made in the condition following:

"Whereas, the above bounden Thomas H. Pettit is this day duly convicted before me, the said justice, of being a disorderly person, for that the said Thomas H. Pettit did, on the 26th day of December, 1872, at the town of Lysander aforesaid, abandon and neglect to support Maryette Pettit, his lawful wife, and did leave her a burden on the public, and has continued to abandon and has neglected to support Maryette Pettit, his said wife, ever since the 26th day of December, 1872, and left her a burden on the public.

"Now, therefore, the condition of this recognizance is such, that if the said Thomas H. Pettit shall be of good behavior for the space of one year, then this recognizance to be void, otherwise in force."

The bond was subscribed by the defendants, whose names are mentioned therein. Such other facts as are material appear in the opinion.

*A. L. Johnson*, for appellants.

*Isaac D. Garfield* and *Wm. C. Ruger*, for respondents.

Present — MULLIN, P. J., E. DARWIN SMITH and GILBERT, JJ.

MULLIN, P. J. The defendant was proceeded against under section one of 1 R. S. 638, as a disorderly person, for having abandoned and neglected to support his wife and child, and he was adjudged by a justice of the peace to be a disorderly person for the cause aforesaid. After the adjudication defendant entered into a recognizance, with two sureties, in the sum of $500 each, that the defendant should be of good behavior for the space of one year, and was discharged.

The defendant continuing to neglect to support his family after said recognizance was entered into, an action was brought thereon

in this court to recover said sum of $500. On the trial before a referee, the defendant's wife was examined as a witness and testified that she had supported herself and children since the recognizance was given. No evidence was given that the people had paid any thing toward the support of any of defendant's family.

It was proved on the part of the defense that defendant had made arrangements to board his wife and children at his father's house, where he, himself, boarded, and that he had on repeated occasions requested her to go and live with him, but she refused to do so. She testified that defendant's father got drunk occasionally, and when drunk was violent and abusive ; that she and his mother did not agree, and a girl was employed in the family with whom the wife had seen defendant take indecent liberties. The occasional drunkenness of the father was admitted by defendant, but he denied that he had taken liberties with the girl.

The referee found as facts, the entering into the recognizance and that defendant's wife had supported herself and family without assistance from the defendant, and he held, as matter of law, that the recognizance was in the nature of an indemnity bond to the town or county against the support of the wife and child, and that the refusal of defendant to furnish support after the recognizance was immaterial to the issue, and he therefore nonsuited the plaintiff.

The referee having found nothing on the subject of the provision made by the defendant for his wife and child and of her refusal to accept it, we must assume that he held her justified in refusing, as it seems to me she certainly was if her evidence is to be credited. The question is, is the referee's conclusion of law correct that there could be no recovery on the recognizance, as the public authorities had not supported the wife or child ?

The law imposes upon the husband the duty of providing for the support of his family, and the neglect to do so is a violation of law, and renders him liable to be treated as a disorderly person. It is wholly immaterial who furnishes them with support so long as he does not. It is his omission to perform this moral as well as legal duty that constitutes the violation of the statute.

If there could be no recovery on the recognizance unless the town or county has been subjected to expense, the law would operate most harshly when the relatives of the wife are able to support her and would much prefer to do so to allow her to be treated as a pauper and forced as she and her children might be into the poor

house. If such is the construction of the statute, worthless husbands will be relieved altogether from the support of their families and their support be transferred to the relatives of the wife. I cannot believe that any such result was ever contemplated, and a construction of the statute that would lead to such a result ought not to be given to it unless it will bear no other.

Instead of treating the recognizance as in the nature of a bond of indemnity to the town or county to repay such sums as either may have advanced for the support of the family, the amount named in it should be held to be a penalty imposed for the neglect to support.

Such must have been the view of those who framed the statute. The whole amount is forfeited for the neglect to support, however short the time may be, and it is to be paid into the county treasury to be applied to the support of the poor. In cases in which the support of the poor is a town charge no share of the money paid can be received by the town to compensate it for whatever may have been paid by it for the support of the family.

There are many cases in which the penalty for a violation of law is required to be paid into the county treasury for the benefit of the poor. I am unable to distinguish the sum collectible under the recognizances in this class of cases from the penalties in the cases just referred to. The penalty is imposed not for the purposes of indemnity, but by way of punishment. The object is to compel the husband to support his family or pay the penalty incurred by his neglect, or, doing neither, to be imprisoned until he shall consent to obey the law.

If the sum named in the recognizance is to be treated as indemnity, a recovery should have been permitted from time to time to reimburse the town or county for moneys advanced, but there can be but one recovery upon this instrument, and, as has been suggested, that recovery may be had upon refusal to support at any time after the recognizance is given. Section 29, 2 R. S. 485, provides that it shall not be necessary to allege or prove any damages by reason of the breach of the recognizance, and judgment is to be entered for the penalty.

The referee erred in nonsuiting plaintiff. The judgment must therefore be set aside and a new trial granted, costs to abide the event.

GILBERT, J., dissented.

*Judgment reversed and a new trial granted.*